**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:23-CV-81493-ROSENBERG/REINHART**

DIANA JOHNSON,

    Plaintiff,

v.

CAVIAR LA LLC, et al.,

    Defendants.

_____/

**ORDER GRANTING THE PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

    This cause is before the Court on the Plaintiff's Motion to Remand. DE 18.  The Court has reviewed the Motion and the record.  For the reasons below, the Court **GRANTS** the Motion and **REMANDS** this case to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

    On September 20, 2023, the Plaintiff filed this defamation action against thirteen Defendants, including Caviar LA LLC ("Caviar"), in state court.  Before any other Defendant appeared, Caviar removed this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In its Notice of Removal, Caviar argues diversity jurisdiction based on diversity of citizenship and damages in excess of $75,000. *Id.* at 4.  But, the forum defendant rule bars removal based on diversity jurisdiction when "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). *Id.* at 5.  One of the named Defendants, Paul Finkelman, is a citizen of Florida.  Caviar asserts that the forum defendant rule does not apply because Mr. Finkelman had not been served at the time of removal. *Id.*

    Caviar's removal is a classic case of "snap removal," where an otherwise unremovable case is removed before the forum defendant can be served.  Caviar's removal of this case before Mr. Finkelman appeared (or was served) is the sole reason the forum defendant rule did not bar

removal. DE 1 at 3. The Eleventh Circuit, addressing snap removal at length in dicta, analyzed the purpose of the forum defendant rule and the requirement that the forum defendant be "properly joined and served." *Goodwin v. Reynolds*, 757 F.3d 1216, 1220–21 (11th Cir. 2014). The Eleventh Circuit effectively endorsed the remand of snap-removal cases because "the likely purpose of this language is to prevent gamesmanship by plaintiffs, . . . [thus] we cannot believe that it constrains the district court's discretion . . . to undo Defendants' gamesmanship in the circumstances at bar." *Id.* at 1221. Applying the reasoning in *Goodwin*, this Court previously invoked the forum defendant rule in snap-removal cases when remanding to state court. *E.g., Timbercreek Asset Mgmt., Inc. v. De Guardiola*, No. 9:19-CV-80062, 2019 WL 947279 (S.D. Fla. Feb. 26, 2019). The Court does so here.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand, DE 18, is **GRANTED**.

2. This case is **REMANDED** to the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.

3. The Clerk of Court is instructed to **CLOSE THIS CASE** and **TERMINATE ALL PENDING MOTIONS AND DEADLINES**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of December, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record & Pro se parties